DOWNEY, Judge.
Appellant, Pauline Cook, seeks reversal of a judgment in favor of appellee, Life Insurance Company of North America, in a suit on a life insurance policy.
The evidence reflects that the appellant and her husband owned a home encumbered by a mortgage to First Federal Savings and Loan Association of Broward County. It was the practice of First Federal to make available to their mortgagors a plan of mortgage life disability insurance. Prior to July 1973 First Federal administered and provided premium facilities for such a policy underwritten by Continental Casualty Company. Appellant and her husband, Hendrik, enrolled in such plan; Hendrik, as named insured, appellant as a beneficiary of the policy.
In a letter dated June 21, 1973, First Federal informed all policy subscribers that, due to a rate increase by Continental, it could no longer sponsor that carrier’s program. However, arrangements had been made for the same policy coverage at the current premium rates with appellee. An independent insurance agent, the Davis-Gillingham Agency, which handled accounts for both Continental and appellee, was responsible for processing and verifying all applications for mortgage insurance submitted by First Federal customers.
After several notices from First Federal soliciting their continued participation in the insurance program, appellant completed an application, dated March 24, 1974, for coverage under appellee’s program. Appellant filled out the application for insurance on her husband’s life, and also signed his name in the appropriate places. She testified that her husband provided her with all of the relevant information such as his height, weight and date of birth.
Hendrik Cook died on January 29, 1976, and appellant submitted a certificate of death to appellee. The policy proceeds, which had been assigned to First Federal by the insured in order to satisfy monthly mortgage payments, were never paid by appellee. The appellant first became aware *312 of this nonpayment when she was notified by the bank that her mortgage was overdue. In due course appellee advised Mrs. Cook that the application of Hendrik Cook contained a material misrepresentation regarding his age. As a result, appellee elected to rescind the policy and tender a refund of all premiums paid plus interest.
In completing the application for mortgage life disability insurance with appellee the appellant listed the insured’s date of birth as December 14, 1914. The appellant had inserted December 14, 1918, as the insured’s date of birth on the prior policy with Continental Casualty. The certified copy of the insured’s certificate of death as well as the insured’s certificate of birth both showed Hendrik Cook’s date of birth as December 14, 1912.
The case was tried without a jury and the trial judge ruled in favor of the appellee. Since the final judgment contains no findings of fact or conclusions of law, it is impossible to determine upon what theory the decision is based. Appellant suspects the trial court found that the misstatement of age in the application for insurance was a material misrepresentation, thereby invalidating the policy. Such a finding is erroneous, appellant contends, because Section 627.456, Florida Statutes (1977), provides:
Misstatement of age or sex.
There shall be a provision that if it is found that the age or sex of the insured (or the age or sex of any other individual considered in determining the premium or benefit) has been misstated, the amount payable or benefit accruing under the policy shall be such as the premium would have purchased according to the correct age or sex. Such calculations shall be in accordance with the insurer’s rate at date of issue and at the option of the insurer this may be so specified in the policy.
In addition, the policy provides:
Misstatement of Age. If the date of birth of the Insured has been misstated, any amount payable under the policy shall be such as the premiums paid would have purchased at the true age.
Appellee suggests that the foregoing statute and policy provision are not applicable in this case because the proof shows that, had the correct age been stated, appellee would not have written a policy for Hendrik Cook because he was 61 years of age at the time of application and the company would not write this policy on anyone over 60 years of age. Appellee construes the statute to mean that if a person misstates his age the amount payable or benefit accruing under the policy shall be such as the premium would have purchased according to his correct age if the company would have written such a policy for a person of the correct age of the applicant.
The evidence shows that this policy of life insurance issued by appellee is only issued to mortgagors between eighteen and sixty years of age. It was the custom for appel-lee to furnish insurance applicants with a brochure which clearly states the coverage is only available to the foregoing age group. The proof does not show that appellant received the brochure in question, and we mention it only to demonstrate that the age limitation is not something appellee conjured up in defense of this claim.
We feel the appellee’s construction of the pertinent statute and policy provision is reasonable. If, for example, the insured stated his age at fifty years when, in fact, he was fifty-five years of age, the statute and policy provision would allow the insurer to limit recovery on the policy to the amount of insurance which the premium paid would have purchased for that age group. However, if the company would not write a policy for a person of the true age of the applicant, the statute and policy provision are not applicable, or if applicable the amount of insurance the premium paid would purchase is zero.
The transcript of testimony at the trial shows that the trial judge was concerned by another aspect of the evidence. It was shown that the application for the policy in question was not signed by the insured, Hendrik Cook. Rather, appellant signed her husband’s name to the application. While appellant says she obtained the infor *313 mation from her husband, nowhere does the evidence reflect that the insured authorized her to sign his name or that he later ratified her action in doing so. The appellee’s witness testified the company would not have accepted an application for insurance unless the insured signed the application or the person signing had a power of attorney from the applicant. The absence of proof that Hendrik Cook authorized appellant to sign the insurance application or that he ratified her signing it would seem to negate the contract between appellee and the insured. See Pettaccio v. New York Life Ins. Co., 125 Pa.Super. 15, 189 A. 697, 700 (1937).
We are persuaded that the record in this case adequately supports the decision of the trial judge. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., concur.